

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00076-CV

**IN RE: THE COMMITMENT OF JAVIER ACEVEDO**

On Appeal from the 112th District Court
Sutton County, Texas
Trial Court No. CV06425, Honorable Lynn Ellison, Presiding

March 26, 2024

## ORDER OF ABATEMENT AND REMAND[1]

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Javier Acevedo, appeals from the trial court's *Final Judgment*. The appellate record was originally due February 21, 2024. The clerk's record was filed by this deadline, but the reporter's record was not. By letter of February 28, 2024, we notified the reporter that the record was overdue and directed her to advise this Court of the status

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001.

of the record by March 11. The reporter has not filed the record or had any further communication with this Court to date.[2]

Accordingly, we abate the appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by April 25, 2024.

---

[2] By letter of March 19, 2024, Acevedo advised the Court that he has requested preparation of the reporter's record and filed a Statement of Inability to Afford Payment of Court Costs. And, on January 27, 2024, the trial court signed an order directing the reporter to prepare and file the reporter's record at no cost to Acevedo.

Should the reporter file the record on or before April 15, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.